STATE OF MAINE                    BUSINESS AND CONSUMER COURT

Cumberland, ss.

CLAIMANTS REPRESENTED BY COMMUNICATIONS WORKERS OF
AMERICA, LOCAL 1400 and INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL 2327,

                            Petitioners,

v.                                          Docket Nos. BCD-AP-17-07 ✓

MAINE UNEMPLOYMENT INSURANCE COMMISSION,

                            Respondent,

FAIRPOINT LOGISTICS, INC. and NORTHERN NEW ENGLAND
TELEPHONE OPERATIONS LLC
(d/b/a FAIRPOINT COMMUNICATION-NSE),

                            Parties-in-Interest.

### DECISION ON APPEAL AFTER REMAND

This case presents an appeal from a decision of the Maine Unemployment
Insurance Commission ["the Commission"] denying unemployment compensation
benefits to the Petitioners.[1] The 255 Petitioners are former or current employees of
Parties-in-Interest FairPoint Logistics, Inc. and Northern New England Telephone
Operations LLC, d/b/a FairPoint Communications-NSE [collectively "FairPoint"]

---

[1] The employees whose claims for unemployment compensation are at issue in this appeal are
listed in the attachments to this Decision, which consist of pages 023-041 and 1699-1700 of the
Record on Appeal.

who were involved in a labor dispute during late 2014 and early 2015. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1794-1850.[2]

Oral argument on the appeal was held June 4, 2018.

Based on the entire record, the court denies the appeal and affirms the Commission decision.

*The Initial Commission Decision and Initial Appeal*

The decision under appeal is the Commission's second decision on the Petitioners' claims. The initial decision denying Petitioners' claims was appealed to this court, which vacated the decision and remanded the claims to the Commission for further proceedings consistent with the court's ruling. *See* Decision on Appeal, *Claimants Represented By Communications Workers Of America, Local 1400 And International Brotherhood Of Electrical Workers, Local 2327 v. Maine Unemployment Insurance Commission*, Me. Bus. & Cons. Ct. Docket Nos. BCD-AP-15-06 and -16-01 (Aug. 26, 2016), R. 2003-26. *See also* Me. Unemp't. Ins. Comm'n. Dec. No. 15-C-03849 (Oct. 1, 2015), R. 2-22.

The initial proceedings before the Commission and appeal to this court are hereinafter referred to as "Claimants I."

---

[2] This and similar citations herein are to the eight-volume Record on Appeal. The first six volumes of the Record on Appeal, R. 1-1793, consist of the same materials that were in the record on appeal in the initial appeal to this court. Volumes seven and eight, R. 1794-2448, consist of material that came into the record during the Commission proceedings after the court's remand.

This court's Decision on Appeal in Claimants I focused almost exclusively on legal issues, and concluded that the Commission's decision erred as a matter of law in several respects:

- By placing the burden on the claimants to establish that they should not be disqualified for benefits due to a stoppage of work caused by the strike. *See* Claimants I Decision on Appeal at 14-19, R. 2016-21.

- By failing to apply the "substantial curtailment" standard in determining the existence of a work stoppage. *See* Claimants I Decision on Appeal at 9-14, R. 2011-16.

- By failing to making a separate determination, as to each week of the strike, whether a work stoppage occurred. *See* Claimants I Decision on Appeal at 22, R. 2024.

The grounds for remand in Claimants I all involved issues of law. Although the Petitioners also challenged the Commission's factual findings, the remand on issues of law obviated any need to address that challenge. R. at 2010.

*The Commission's Decision on Remand*

On remand, the Commission re-evaluated the Petitioners' claims for unemployment benefits, based on the same evidentiary record developed during the Claimants I proceedings before the Commission, and again denied the Petitioners' claims. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1794-1850.

3

The Commission's decision on remand contains the following components:

- Procedural history: This entailed a summary of the initial proceedings before the Commission and the initial appeal. *Id.*, R. 1794-8.

- Issues Presented: The two issues framed were (1) whether the claimant's unemployment was due to a stoppage of work for purposes of 26 M.R.S. § 1193(4) and whether the employers' experience rating should be charged for benefits paid to any eligible claimant. *Id.*, R. 1798.

- Methodology for Conducting Weekly Analysis on Remand: This section discussed how the Commission evaluated data and information in the record to comply with this court's directive that the Commission determine whether there was a work stoppage for each of the twenty Sunday-through-Saturday benefit weeks during all or part of which the strike occurred. *Id.*, R. 1798-1800.[3] "[W]here possible," the Commission extrapolated weekly data from the existing record evidence. *Id.*, R. 1799.

- Legal Standard: This section discussed judicial precedent, up to and including this court's remand decision. *Id.*, R. 1800-03. In this section, the Commission noted that its decision on remand places the burden on the employers, consistent with this court's remand. *Id.*, R. 1801. Also, while the Commission continued to use the "failure to maintain substantially normal operations" as the standard for determining whether a work stoppage exists, it noted that its decision on remand "treats this standard as

---

[3]  The strike lasted for 18.5 weeks rather than 20 full weeks, but it began during a benefit week, continued for eighteen more benefit weeks, and ended during a benefit week, so it covered part or all of 20 weeks. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1799.

4

synonymous with the 'substantial curtailment' standard, as determined by the Court in its remand decision." *Id.*, R. 1803.

Further, the Commission adopted "a multi-factor analysis, evaluating the following factors to determine whether or not there was a work stoppage in the case at bar: The strike's impact on business operations and production (including marketing/sales, installations, repairs, construction, maintenance of equipment, and number of employees as compared with normal levels); the strike's impact on customer satisfaction; and the strike's impact on revenue. *Id.* Later in its Decision on remand, the Commission developed "metrics," or numerical measures of different aspects of FairPoint's operations, based on operations data in the record, and applied the metrics to these factors, along with witness testimony and other evidence.

• Background and General Findings: This section of the decision contained the Commission's general findings concerning the parties; the history of labor negotiations, and an overview of the strike. *Id.*, R. 1804-08.

• Baseline Findings: This section contained the Commission's findings regarding the employers' "normal operations," *i.e.*, the baseline that, as this court's remand decision pointed out, necessarily has to be established in order for there to be any determination of a "failure to maintain substantially normal operations." *Id.*, R. 1808-19. *See* Claimants I Decision on Appeal, at 23, R. 2025.

As a result of its baseline analysis, the Commission developed a baseline figure for each of the numerical metrics that the Commission identified as relevant to

5

determining whether there was a stoppage of work during each week. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1818-19. These metrics include average intervals for repairs and installations as well as the number of repairs and installations performed, as well as pending repairs, customer complaints to the Maine Public Utilities Commission, and revenues. *Id.*

- Impact of the Strike, with Week by Week Analysis: The next thirty pages of the Commission's decision on remand set forth the Commission's analysis of evidence, beginning with evidence applicable to all weeks of the strike and continuing with a separate analysis as to each of the weeks of the strike. *Id.*, R. 1819-49. The Commission found that FairPoint's operations declined on the first day of the strike; that delays and backlogs in installations and repairs climbed substantially; that FairPoint suffered substantial losses in terms of customers and revenues during the strike, and that the number of complaints to the Maine Public Utilities Commission rose significantly as a result of the strike. *See id.*

- Conclusion: Based on its analysis, the Commission on remand concluded that

> the employers were not able to maintain substantially normal operations during any of the benefit weeks fully or partially covered by the strike period. Based on the totality of the evidence, the Commission concludes that the employers have met their burden to prove that a work stoppage existed due to the strike within the meaning of 26 M.R.S. Section 1193(4) for each of the benefit weeks fully or partially within the strike period.

*Id.*, R. 1849.

The Commission went on to point out that, because it had concluded that there

6

was a stoppage of work throughout the strike, it was unnecessary to consider the alternate basis upon which a claimant may be disqualified during a strike—a stoppage of work would have existed had the employer not maintained substantially normal operations without hiring new employees to do work previously done by striking employees. *Id. See* 26 M.R.S. § 1193(4).

Based on its conclusion, the Commission affirmed its initial decision and declared all of the Petitioners disqualified because their unemployment throughout the strike was due to a stoppage of work. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1849.

The Petitioners have taken a timely appeal from the Commission's decision on remand.

### *The Record on Appeal*

As noted above, most of the record on the present appeal—volumes one through six, covering pages R. 1 through R. 1793—consists of the same record on appeal in Claimants I. The additional components of the record in this appeal—in volumes seven and eight—are materials admitted or offered into the record before the Commission during the proceedings after remand.

Because the Claimants I appeal and the present appeal involve virtually the same evidentiary record, this Decision on Appeal After Remand incorporates by reference the factual summary and legal analysis contained in this court's Decision on Appeal in Claimants I, R. 2002-22, and does not repeat them here.

### *Issues on Appeal*

7

Whereas the grounds for appeal in Claimants I consisted mainly of issues of law, the points that Petitioners raise in the present appeal are highly fact- and evidence-specific. The Petitioners' brief on appeal raises and addresses the following arguments:

"A. The Commission erred in ignoring the totality of the evidence, which demonstrates that FairPoint maintained substantially normal operations during the strike." Petitioners' Brief at 8

"B. The Commission's determination of the impact of the strike on FairPoint during each week of the strike is not supported by substantial evidence and is premised on an error of law." *Id.* at 12

"C. The Commission's determination of FairPoint's 'substantially normal operations' prior to the strike is not supported by substantial evidence and is premised on an error of law." *Id.* at 20.

"D. The record data as to installations concerns POTS, only one of FairPoint's three main lines of business, and the Commission erred in relying on this data in determining whether there was a work stoppage because of the strike." *Id.* at 28.

"E. The increase in PUC complaints was insignificant and the Commission erred in giving this data any weight in determining whether there was a work stoppage because of the strike." *Id.* at 29.

"F. The Commission erred when it found that the labor dispute caused a work stoppage despite the impact of severe winter weather on the Company's operations." *Id.* at 30.

8

"G. The employers failed to carry their burden of proving that they maintained substantially normal operations without hiring new personnel to perform work previously done by the striking employees." *Id.* at 35.

The Commission and FairPoint dispute each of the Petitioners' contentions. The parties' arguments are addressed in the *Analysis* section, *infra*, in the order just indicated.

*Standard of Review*

In reviewing decisions of the Commission, "it is critical that [the court] keep in mind the purposes of the Employment Security Act." *Brousseau v. Maine Unemployment Insurance Commission*, 470 A.2d 327, 329 (Me. 1984). Because the Act is remedial in nature, it "dictates a liberal construction in favor of the employee." *Id.*

In general, the court reviews the administrative record "to determine whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands v. Maine Unemployment Insurance Commission*, 1998 ME 177, ¶ 6, 714 A.2d 818

Based on the nature of the issues raised in this appeal, this court's role in reviewing factual findings made by the Commission is of particular relevance.

An administrative agency's findings of fact must be supported by substantial evidence in the record, but the reviewing court "will not overrule findings of fact supported by substantial evidence, defined as 'such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion.'" *Sinclair Builders, Inc. v. Maine Unemployment Insurance Commission*, 2013 ME 76, ¶ 9, 73 A.3d 1061

9

(quotation omitted). The fact that the record contains inconsistent evidence or the fact that inconsistent conclusions could be drawn from the record do not prevent the agency's findings from being supported by substantial evidence. *See In re Me. Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me. 1973).

Questions as to the credibility of evidence are for the agency, as factfinder, not for the court, to resolve. *See Merrow v. Maine Unemployment Insurance Commission*, 495 A.2d 1197, 1201 (Me. 1985). It matters not whether the court would have assigned the same weight to evidence in the record or would have drawn the same inferences and conclusions from the evidence, as did the agency.

The degree of deference that this court must accord to the Commission's interpretation and evaluation of the evidence means that the court must uphold the Commission's factual determinations "unless the record before the commission compels a contrary result." *See McPherson Timberlands*, 1998 ME 177, ¶ 6, 714 A.2d 818.

On the other hand, an administrative agency "must rely on evidence, not speculation, in fact-finding," *Hannum v. Board of Environmental Protection*, 2003 ME 123, ¶ 15 n.6, 832 A.2d 765. An administrative agency errs as a matter of law if its

10

findings of fact are based on speculation. *See Uliano v. Board of Environmental Protection*, 2005 ME 88, ¶ 19 n.6, 876 A.2d 16.

*Analysis*

With this framework in mind, this Decision On Appeal After Remand addresses each of the Petitioner's contentions on appeal.

A. Whether the Totality of the Evidence Compelled the Commission to Decide In Favor of Petitioners

Petitioners' first contention—that the Commission ignored the totality of the evidence in deciding against them, *see* Petitioners' Brief at 8-12—implicates the deferential standard of review just set forth.

Although an administrative agency is required to consider all of the relevant evidence before it in an adjudicative proceeding, it is for the agency, not the reviewing court, to decide which evidence is of sufficient weight and probative value to figure in the agency's decision. Thus, judicial review focuses less upon whether an agency decision comports with the totality—meaning the greater quantity—of the evidence, and more upon whether there is substantial evidence in the record supporting the agency's findings of fact, even if other evidence does not support the findings.

In any event, the evidence that the Petitioners argue that the Commission ignored falls into two categories—evidence that "FairPoint delivered services throughout the 18.5-week labor dispute on time to the vast majority of its 200,000 Maine customers," and evidence that FairPoint's management made statements indicating "how well the Company fared during the strike."

11

However, the Commission did address the timeliness of FairPoint's service to customers during the strike. It determined that "the totality of the evidence reflects that the employers were continued to struggle with completing services to customers in a reasonably timely manner," and pointed out that management's statements during an earnings call toward the end of the strike "further reflect that the employers believed that they had been unable to provide reasonable service levels during much of the strike period and had been unable to stabilize revenue." *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1806 n.14, 1807.

Moreover, the Commission's week-by-week metrics analysis includes findings based on objective data, rather than subjective impressions, that FairPoint's service to customers, measured in terms of repair and installation times and order backlogs, declined substantially during the strike below the baseline levels that the Commission had developed. *See id.*, R. 1819-49. (Petitioners challenge the metrics developed by the Commission as speculative and lacking support in record evidence, but this is a different issue and is discussed below). Thus, the totality of evidence is not so one-sided that it compels a decision against FairPoint and in favor of the Petitioners.

Admittedly, there is evidence in the record—including but not limited to the two categories of evidence cited by Petitioners—on which the Commission could have grounded its decision, but the court cannot say that the Commission was compelled to accept that evidence over the evidence that it chose instead to rely upon. Accordingly, this ground for the appeal does not justify setting aside the Commission's decision on remand.

12

B. Whether the Commission's determination of the impact of the strike on FairPoint during each week of the strike is speculative, not supported by substantial evidence and premised on an error of law.

Petitioners contend that the Commission committed an error of law and also made findings not supported by substantial evidence, in purporting to develop weekly metrics data. Petitioners' Brief at 12-20. With one exception—trouble and order backlogs—the data in the record before the Commission was in monthly or bimonthly format rather than weekly format.

The Commission's decision on remand addresses this issue in the Methodology for Conducting Weekly Analysis, *see* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1798-1800. The Commission indicated that it converted monthly or bimonthly data to weekly data in two different ways:

> If it would not be appropriate to break the monthly total down and assign a portion of the monthly figure to individual benefit weeks, the Commission has used the monthly total for each of the benefit weeks that fall within that month. . . .

> If it would be appropriate to break the monthly total down and assign a portion of the monthly total to individual benefit weeks, the Commission has arrived at weekly data for the benefit weeks at issue in this matter by dividing the monthly figure by the number of days in the month and then multiplying by seven.

*Id.*, R. 1799-1800.

In substance, the Commission extrapolated, in these two ways, weekly figures from monthly or bimonthly data to apply to its week-by-week analysis (as well as its determination of the operational baseline). The question presented on judicial review is whether the extrapolation was reasonable and yielded substantial evidence of

13

weekly operations levels, or whether it was unreasonable and resulted in speculation, as the Petitioners contend.

As the Commission's brief points out, it was constrained to utilize the monthly or bimonthly data already in the record by the court's directive to reconsider its decision on remand based on the current record. *See* Brief on Behalf of Maine Unemployment Insurance Commission In Opposition to Rule 80C Petition ["Commission Brief"] at 14-15. Moreover, according to FairPoint's brief to the Commission, the evidence already in the record was "the best evidence available to evaluate the strike's effect on a week-by-week basis," because, with few exceptions, weekly data for the various metrics utilized by the Commission was not maintained during the strike. *See* Employers' Response to Procedural Order No. 2 at 5 & n.9, R. 1878 & n.9.

The Petitioners' primary objection to the Commission's conversion of monthly or bimonthly data to weekly figures is that the conversion assumes limited or no variation from week to week during the strike. On the other hand, Petitioners have not pointed to evidence in the record that there was, in fact, such variation in the various metrics from week to week as to render the Commission's averaging approach unreasonable and speculative. Averaging monthly or bimonthly data to develop weekly numbers is not an inherently irrational or unreasonable method, and in this case, it appears to have been the only way to develop weekly figures.

The questions before the court are whether the Commission acted arbitrarily or capriciously in converting the monthly or bimonthly data to weekly data and was

14

compelled to decide that reliable weekly metrics could not be developed from the monthly and bimonthly data in the record. The court concludes that the Commission's method of developing weekly data for both the baseline periods and the weeks of the strike was not unreasonable, arbitrary or capricious. Thus, the court does not view the Commission's reliance on weekly data extrapolated from monthly data as grounds to set aside the Commission's decision.

C. Whether the Commission's determination of FairPoint's 'substantially normal operations' prior to the strike is supported by substantial evidence or is premised on an error of law.

The Petitioners challenge the Commission's determination of the baseline "substantially normal operations" that is a prerequisite for determining whether a stoppage of work due to the strike had occurred in any week. Petitioners' Brief at 20-28. Their challenge has several components.

First, they point out that the Commission used data covering as many as 45 months and converted that data to a monthly average, and then converted the monthly average into weekly numbers. They say this approach ignores the fact that data for particular metrics can vary from month to month—as, for example, between seasons of the year—and can further vary from week to week. Thus, this argument rests on much the same foundation as their contention that the Commission should not have attempted to extrapolate weekly metrics from monthly or bimonthly data.

Second, the Petitioners point out that the record contained only five weeks of pre-strike data for the two metrics for which weekly data exists in the record—the

15

trouble load and order load—and contend that five weeks of data is an insufficient predicate for a baseline determination.

As a result, the Petitioners contend, the Commission engaged in speculation and thereby committed an error of law.

Clear seasonal variations in the monthly data might call into doubt the Commission's use of a single monthly average figure based on 12 or 33 or 45 months of data and might indicate that the Commission should instead have focused on the data during the pre-strike period for the months of October through February—the same months as were encompassed by the strike.

However, the monthly data in the record do not appear to reflect the kind of consistent seasonal variation that would call into question the Commission's use of a single monthly average based on 12 months or more of data. The monthly figures are reproduced in table format in the baseline section of the Commission's decision on remand. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1809-14. The figures plainly show some monthly fluctuations over the course of the calendar year, but the fluctuations do not appear to be consistent or seasonal. Thus, it cannot be said the Commission acted unreasonably in using an average monthly figure to develop a baseline level for the various metrics.

Regarding the five weeks of trouble load and order load data, the Commission could well have decided that the data were insufficient for purposes of developing a baseline operations level, but such a conclusion would have excluded just two of the metrics from the analysis. Moreover, the Commission could have decided that the

16

data, albeit quite limited in duration, were sufficiently representative of pre-strike operations to be serve as the basis for the baseline metrics for trouble load and order load.

Accordingly, for reasons similar to those reflected in the court's analysis in the preceding section, the court concludes that the Commission did not act arbitrarily or capriciously, or commit any error of law, in its baseline methodology, and that there is substantial evidence in the record supporting the Commission's baseline metrics.

> D. Whether the record data as to installations concerns POTS, only one of FairPoint's three main lines of business, and, if so, whether the Commission erred in relying on this data in determining whether there was a work stoppage because of the strike.

Petitioners also say that the Commission should not have relied upon the installation metrics that it developed to measure the number and timing of residential and business installations, because the data underlying the metrics reflected only one of FairPoint's three lines of business—POTS (Plain Old Telephone Service). *See* Petitioners' Brief at 28-29. The other two lines are broadband service for residential and business customers and carrier Ethernet service for very large business customers.

Assuming, as appears to be the case, that the installation metrics were based only on POTS installations as Petitioners contend, the metrics should not be given dispositive weight, because they reflect only a portion of FairPoint's operations. But that is as far as the Petitioners' argument goes. Given that the metrics were based on a reasonable extrapolation of installation data before and during the strike, the Commission did not err in considering them. The Commission decision indicates that

17

the Commission understood that the installation data related only to POTS installations. *See* R. 1813, 1815. In addition, as the Commission's brief points out, the Commission did address in its findings the other two lines of FairPoint's business and found, based on FairPoint's testimony, that those lines, too, had been adversely affected during the strike. *See* Commission Brief at 16-17, *citing* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017), R. 1808.

For these reasons, the court cannot say the Commission erred in analyzing and applying the installation metrics.

E. Whether the Commission erred in giving the volume of PUC complaints any weight in determining whether there was a work stoppage because of the strike.

F. Whether the Commission erred when it found that the labor dispute caused a work stoppage despite evidence regarding the impact of severe winter weather on FairPoint's operations.

Petitioners' Brief contends that the Commission erred in its handling of two areas of evidence: evidence of an increase in customer complaints to the Maine PUC about FairPoint during the strike, and evidence of the effects of winter weather on FairPoint's operations. Petitioners' Brief at 29-34. The Petitioners argue that the Commission should have given less or no weight to the increase in PUC complaints, *id.* at 29 and should have given more or dispositive weight to the impact of winter weather upon FairPoint's operations. *Id.* at 30-34. Both contentions are addressed together here because they implicate the same deferential standard of review.

In assessing whether the strike affected the number of customer complaints to the PUC, the Commission found that the number of PUC complaints had increased by

18

multiples of up to seven in the course of the strike. This court is largely in agreement with the Petitioners that using raw data regarding customer complaints is not the best means of either developing a baseline of substantially normal operations or measuring the impact of a strike on operations. The Commission's other metrics bear much more directly at the appropriate baseline level and at the effects of the strike. As Petitioners point out, "complaints are not proof of a work stoppage," Petitioners' Brief at 33 n.88. Absent evidence that the increase in PUC complaints was due to delays or other byproducts of the strike, the increase is better viewed as corroborative of other metrics rather than as probative in and of itself.

Still, there was an undeniable spike in the number of complaints during the first month of the strike, in October 2014, and the number of complaints per month escalated each month until dropping in February, when the strike ended. *See* R. 1812-13. The court cannot say the Commission either erred or acted arbitrarily or capriciously in considering the increase as evidence that FairPoint was not operating at a substantially normal level.

Similarly, this court might have evaluated the impact of winter weather on the strike differently. As Petitioners point out, FairPoint management specifically acknowledged that severe winter weather had delayed the company's restoration of normal operations. Petitioners' Brief at 33 n. 89. The Commission might have taken this evidence to indicate that, in the later weeks of the strike, FairPoint's failure to maintain substantially normal operations was due to adverse weather rather than due to the strike.

However, the Commission did consider the effects of the four major winter storms in November and December 2014 and January and February 2015. *See id.*, R. 1826-29, 1833-34, 1835, 1843, 1846-47. The question on judicial review is whether the Commission was compelled by the evidence to make findings contrary to those it did make on this issue, and the court cannot say that it was.

G. Whether the Commission should have determined that the employers failed to carry their burden of proving that they maintained substantially normal operations without hiring new personnel to perform work previously done by the striking employees.

Petitioners say that the Commission should have addressed both of the section 1193(4) grounds for disqualifying a claimant due a strike. The two grounds are that "the claimant's total or partial unemployment is due to a stoppage of work that exists because of a labor dispute at the factory, establishment or other premises at which the claimant is or was employed, or there would have been a stoppage of work had substantially normal operations not been maintained with other personnel previously and currently employed by the same employer and any other additional personnel that the employer may hire to perform tasks not previously done by the striking employees." *See* 26 M.R.S. § 1193(4).

The Commission decided that FairPoint had proved that the Petitioners should be disqualified from benefits because there *was* a stoppage of work due to the strike throughout the 20-week benefit period at issue, and therefore decided that it did not need to address the question of whether there would have been a stoppage. *See id.*, R. 1849. The Petitioners contend that the Commission should have found no stoppage of

20

work and should have gone on to address the second section 1193(4) ground for disqualification. Petitioners' Brief at 35-39.

The Commission and FairPoint dispute this argument. The Commission's brief says that the court should affirm the Commission's Decision and not reach the alternative ground for disqualification under section 1193(4). *See* Commission Brief at 18-19. FairPoint's brief addresses the alternative provision of section 1193(4) on its merits, and contends that Petitioners would still be disqualified. Brief of Parties-In-Interest at 4-7.

Given that the court is affirming the Commission's decision that FairPoint has proved that there was a work stoppage due to the strike during the benefit weeks at issue, the court sees no reason to go further and address issues relating to the second part of section 1193(4).[4]

*Conclusion*

For the reasons stated, the court concludes that the Commission's decision after remand was supported by substantial evidence in the record and was not arbitrary or capricious or characterized by abuse of discretion, and therefore should be affirmed.

---

[4]  The Petitioners' Brief and FairPoint's Brief advance differing interpretations of the alternative ground for disqualification contained in section 1193(4). FairPoint's position is that the Petitioners would still be disqualified because there would have been a work stoppage had FairPoint not used non-striking employees and temporary workers to maintain substantially normal operations and because FairPoint did not permanently replace the striking employees. FairPoint Brief at 4-5. Petitioners' position is that it does not matter whether they were permanently replaced—they would be entitled to benefits because, even if there would have been a work stoppage, FairPoint maintained substantially normal operations in part through the use of temporary workers hired to do work previously done by the striking employees. Which interpretation is correct need not be decided here.

21

IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1.  The appeal of the Claimants whose cases are listed in the attachment to this Decision from the denial of their claims for unemployment compensation is hereby denied. *See* Me. Unemp't. Ins. Comm'n. Dec. No. 16-C-05251 (Aug. 31, 2017).

2.  The Commission decision denying the individual claims listed in the attachment to this Decision is hereby affirmed. *See id.*

3.  Judgment is hereby entered for the Defendant Maine Unemployment Insurance Commission.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision on Appeal After Remand by reference in the docket.

Dated June 5, 2018

A.M. Horton
Justice, Business & Consumer Court

**EXHIBIT 1**

| | A | B | C |
|---|---|---|---|
| | | | **FAIRPOINT** |
| | Matter ID | Client Sort | Matter Description (First Line) |
| | 2015 C 04220 | Adams, Melissa A | Melissa A Adams v Fairpoint Logistics Inc |
| | 2015 C 04221 | Allen, Shawna K | Shawna K Allen v Fairpoint Logistics Inc |
| | 2015 C 04222 | Amergian, Ani T | Ani T Amergian v Fairpoint Logistics Inc |
| | 2015 C 04223 | Amoroso, Julie M | Julie M Amoroso v Fairpoint Logistics Inc |
| | 2015 C 04224 | Anderson, Sarah L | Sarah L Anderson v Fairpoint Logistics Inc |
| | 2015 C 04225 | Arnold, Robin M | Robin M Arnold v Fairpoint Logistics Inc |
| | 2015 C 04226 | Ashley, Jenni-lynn M | Jenni-lynn M Ashley v Fairpoint Logistics Inc |
| | 2015 C 04227 | Baldwin, Kasey L | Kasey L Baldwin v Fairpoint Logistics Inc |
| | 2015 C 04228 | Baron, Susan A | Susan A Baron v Fairpoint Logistics Inc |
| | 2015 C 04230 | Beam, Mary E | Mary E Beam v Fairpoint Logistics Inc |
| | 2015 C 04231 | Beckwith-foster, Mary | Mary Beckwith-foster v Fairpoint Logistics Inc |
| | 2015 C 04229 | Bedard, Lynda V | Lynda V Bedard v Fairpoint Logistics Inc |
| | 2015 C 04234 | Bentley, Kimberly A | Kimberly A Bentley v Fairpoint Logistics Inc |
| | 2015 C 04232 | Berry Clark, Elizabeth J | Elizabeth J Berry Clark v Fairpoint Logistics Inc |
| | 2015 C 04235 | Birney, Karen | Karen Birney v Fairpoint Logistics Inc |
| | 2015 C 04236 | Black, Susan J | Susan J Black v Fairpoint Logistics Inc |
| | 2015 C 04237 | Blake, Brooke A | Brooke A Blake v Fairpoint Logistics Inc |
| | 2015 C 04238 | Blomquist, Robert N | Robert N Blomquist v Fairpoint Logistics Inc |
| | 2015 C 04239 | Bogan, Elaine D | Elaine D Bogan v Fairpoint Logistics Inc |
| | 2015 C 04240 | Boles, Michele | Michele Boles v Fairpoint Logistics Inc |
| | 2015 C 04241 | Bolton, Linda D | Linda D Bolton v Fairpoint Logistics Inc |
| | 2015 C 04243 | Bourget, Jean C | Jean C Bourget v Fairpoint Logistics Inc |
| | 2015 C 04244 | Bradbury, Kathryn L | Kathryn L Bradbury v Fairpoint Logistics Inc |
| | 2015 C 04245 | Bragg, Randy E | Randy E Bragg v Fairpoint Logistics Inc |
| | 2015 C 04246 | Brayall, Danielle | Danielle Brayall v Fairpoint Logistics Inc |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 28 | 2015 C 04247 | Breslin, John T | John T Breslin v Fairpoint Logistics Inc |
| 29 | 2015 C 04250 | Brichetto, Stacy M | Stacy M Brichetto v Fairpoint Logistics Inc |
| 30 | 2015 C 04252 | Briggs, Gretchen L | Gretchen L Briggs v Fairpoint Logistics Inc |
| 31 | 2015 C 04253 | Bronson, Elyse M | Elyse M Bronson v Fairpoint Logistics Inc |
| 32 | 2015 C 04255 | Brown, Ann M | Ann M Brown v Fairpoint Logistics Inc |
| 33 | 2015 C 04257 | Brown, Dawn L | Dawn L Brown v Fairpoint Logistics Inc |
| 34 | 2015 C 04259 | Brown, Jenna M | Jenna M Brown v Fairpoint Logistics Inc |
| 35 | 2015 C 04262 | Brown, Marie T | Marie T Brown v Fairpoint Logistics Inc |
| 36 | 2015 C 04264 | Brown, Rita A | Rita A Brown v Fairpoint Logistics Inc |
| 37 | 2015 C 04265 | Bureau, Patrick N | Patrick N Bureau v Fairpoint Logistics Inc |
| 38 | 2015 C 04268 | Burgess, Kimberley A | Kimberley A Burgess v Fairpoint Logistics Inc |
| 39 | 2015 C 04269 | Cabot, Allison A | Allison A Cabot v Fairpoint Logistics Inc |
| 40 | 2015 C 04270 | Campbell, Danielle | Danielle Campbell v Fairpoint Logistics Inc |
| 41 | 2015 C 04272 | Cangley, Lori | Lori Cangley v Fairpoint Logistics Inc |
| 42 | 2015 C 04274 | Carr, Kathie A | Kathie A Carr v Fairpoint Logistics Inc |
| 43 | 2015 C 04276 | Casale, Stacey H | Stacey H Casale v Fairpoint Logistics Inc |
| 44 | 2015 C 04279 | Caswell, Terrence A | Terrence A Caswell v Fairpoint Logistics Inc |
| 45 | 2015 C 04280 | Cerqueira, Mara L | Mara L Cerqueira v Fairpoint Logistics Inc |
| 46 | 2015 C 04281 | Charpentier, Tina M | Tina M Charpentier v Fairpoint Logistics Inc |
| 47 | 2015 C 04283 | Church, Rhonda L | Rhonda L Church v Fairpoint Logistics Inc |
| 48 | 2015 C 04286 | Cloutier, Mark E | Mark E Cloutier v Fairpoint Logistics Inc |
| 49 | 2015 C 04287 | Cloutier, Nicole P | Nicole P Cloutier v Fairpoint Logistics Inc |
| 50 | 2015 C 04288 | Cogswell, Laurie L | Laurie L Cogswell v Fairpoint Logistics Inc |
| 51 | 2015 C 04289 | Coleman, Herman L | Herman L Coleman v Fairpoint Logistics Inc |
| 52 | 2015 C 04290 | Conley, Kevin | Kevin Conley v Fairpoint Logistics Inc |
| 53 | 2015 C 04291 | Crabtree, Justin P | Justin P Crabtree v Fairpoint Logistics Inc |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 54 | 2015 C 04292 | Crosby, Jeffrey D | Jeffrey D Crosby v Fairpoint Logistics Inc |
| 55 | 2015 C 04293 | Cunningham, Crystal M | Crystal M Cunningham v Fairpoint Logistics Inc |
| 56 | 2015 C 04294 | Cunningham, Deborah L | Deborah L Cunningham v Fairpoint Logistics Inc |
| 57 | 2015 C 04295 | Curtis, Brenda A | Brenda A Curtis v Fairpoint Logistics Inc |
| 58 | 2015 C 04297 | Curtis, Randall L | Randall L Curtis v Fairpoint Logistics Inc |
| 59 | 2015 C 04298 | Davis, Andrew J | Andrew J Davis v Fairpoint Logistics Inc |
| 60 | 2015 C 04299 | Davis, Jessica T | Jessica T Davis v Fairpoint Logistics Inc |
| 61 | 2015 C 04300 | Davis, Kathleen M | Kathleen M Davis v Fairpoint Logistics Inc |
| 62 | 2015 C 04301 | Davis, Paula L | Paula L Davis v Fairpoint Logistics Inc |
| 63 | 2015 C 04303 | Dempsey, Melissa A | Melissa A Dempsey v Fairpoint Logistics Inc |
| 64 | 2015 C 04306 | Dennis, Lisa | Lisa Dennis v Fairpoint Logistics Inc |
| 65 | 2015 C 04307 | Deroche, Rebecca R | Rebecca R Deroche v Fairpoint Logistics Inc |
| 66 | 2015 C 04310 | Desjardins, Paula A | Paula A Desjardins v Fairpoint Logistics Inc |
| 67 | 2015 C 04313 | Dewolfe, Serina M | Serina M Dewolfe v Fairpoint Logistics Inc |
| 68 | 2015 C 04316 | Difillipo, Danielle J | Danielle J Difillipo v Fairpoint Logistics Inc |
| 69 | 2015 C 04318 | Dillingham, Davida L | Davida L Dillingham v Fairpoint Logistics Inc |
| 70 | 2015 C 04321 | Dionne Neal, Cheri L | Cheri L Dionne Neal v Fairpoint Logistics Inc |
| 71 | 2015 C 04324 | Dobrowolski, William D | William D Dobrowolski v Fairpoint Logistics Inc |
| 72 | 2015 C 04326 | Dorazio, Mary M | Mary M Dorazio v Fairpoint Logistics Inc |
| 73 | 2015 C 04328 | Dubail, Julie A | Julie A Dubail v Fairpoint Logistics Inc |
| 74 | 2015 C 04329 | Dube, Tammy J | Tammy J Dube v Fairpoint Logistics Inc |
| 75 | 2015 C 04330 | Dubois, Kelly M | Kelly M Dubois v Fairpoint Logistics Inc |
| 76 | 2015 C 04331 | Dugas, Renee A | Renee A Dugas v Fairpoint Logistics Inc |
| 77 | 2015 C 04332 | Dunphy, Michelle | Michelle Dunphy v Fairpoint Logistics Inc |
| 78 | 2015 C 04333 | Dunshee, Randy | Randy Dunshee v Fairpoint Logistics Inc |
| 79 | 2015 C 04336 | Elizabeth, Jennifer | Jennifer Elizabeth v Fairpoint Logistics Inc |

|  | A | B | C |
|---|---|---|---|
|  | Matter ID | Client Sort | Matter Description (First Line) |
| 80 | 2015 C 04337 | Elliott, Mary Jo | Mary Jo Elliott v Fairpoint Logistics Inc |
| 81 | 2015 C 04338 | Emery, Christopher A | Christopher A Emery v Fairpoint Logistics Inc |
| 82 | 2015 C 04339 | Enaire, Matthew L | Matthew L Enaire v Fairpoint Logistics Inc |
| 83 | 2015 C 04340 | Ennis, Theresa P | Theresa P Ennis v Fairpoint Logistics Inc |
| 84 | 2015 C 04341 | Esposito, Estella J | Estella J Esposito v Fairpoint Logistics Inc |
| 85 | 2015 C 04342 | Falconieri, Debra L | Debra L Falconieri v Fairpoint Logistics Inc |
| 86 | 2015 C 04343 | Farley, Amy L | Amy L Farley v Fairpoint Logistics Inc |
| 87 | 2015 C 04344 | Feeney, Sara J | Sara J Feeney v Fairpoint Logistics Inc |
| 88 | 2015 C 04345 | Fickett, Tina M | Tina M Fickett v Fairpoint Logistics Inc |
| 89 | 2015 C 04347 | Fitts, Bethany J | Bethany J Fitts v Fairpoint Logistics Inc |
| 90 | 2015 C 04348 | Flaherty, Janet M | Janet M Flaherty v Fairpoint Logistics Inc |
| 91 | 2015 C 04349 | Florey, Richard W | Richard W Florey v Fairpoint Logistics Inc |
| 92 | 2015 C 04350 | Foss, Candi T | Candi T Foss v Fairpoint Logistics Inc |
| 93 | 2015 C 04351 | Gabri, Pamela | Pamela Gabri v Fairpoint Logistics Inc |
| 94 | 2015 C 04352 | Gagne, Lance R | Lance R Gagne v Fairpoint Logistics Inc |
| 95 | 2015 C 04353 | Gagnon, Larry G | Larry G Gagnon v Fairpoint Logistics Inc |
| 96 | 2015 C 04354 | Getchell, Melissa M | Melissa M Getchell v Fairpoint Logistics Inc |
| 97 | 2015 C 04357 | Gibson, April D | April D Gibson v Fairpoint Logistics Inc |
| 98 | 2015 C 04358 | Goodwin, Anna M | Anna M Goodwin v Fairpoint Logistics Inc |
| 99 | 2015 C 04360 | Gosselin, Jennifer L | Jennifer L Gosselin v Fairpoint Logistics Inc |
| 100 | 2015 C 04361 | Grandmont, Lynann M | Lynann M Grandmont v Fairpoint Logistics Inc |
| 101 | 2015 C 04362 | Granger, Carol A | Carol A Granger v Fairpoint Logistics Inc |
| 102 | 2015 C 04363 | Grant, Marci J | Marci J Grant v Fairpoint Logistics Inc |
| 103 | 2015 C 04364 | Gray, Cheryl | Cheryl Gray v Fairpoint Logistics Inc |
| 104 | 2015 C 04365 | Gray, Jennifer | Jennifer Gray v Fairpoint Logistics Inc |
| 105 | 2015 C 04367 | Greenwood, Jean M | Jean M Greenwood v Fairpoint Logistics Inc |

|  | A | B | C |
|---|---|---|---|
|  | Matter ID | Client Sort | Matter Description (First Line) |
| 106 | 2015 C 04369 | Grindle, Linda R | Linda R Grindle v Fairpoint Logistics Inc |
| 107 | 2015 C 04371 | Grondin, Donna L | Donna L Grondin v Fairpoint Logistics Inc |
| 108 | 2015 C 04373 | Guay, Cindy L | Cindy L Guay v Fairpoint Logistics Inc |
| 109 | 2015 C 04375 | Gullatt, Mary C | Mary C Gullatt v Fairpoint Logistics Inc |
| 110 | 2015 C 04376 | Gushee, Kelly A | Kelly A Gushee v Fairpoint Logistics Inc |
| 111 | 2015 C 04377 | Hall, Charles J | Charles J Hall v Fairpoint Logistics Inc |
| 112 | 2015 C 04379 | Hall, Loriann M | Loriann M Hall v Fairpoint Logistics Inc |
| 113 | 2015 C 04381 | Hall-robinson, Deanna R | Deanna R Hall-robinson v Fairpoint Logistics Inc |
| 114 | 2015 C 04382 | Harmon, Colleen A | Colleen A Harmon v Fairpoint Logistics Inc |
| 115 | 2015 C 04383 | Harrison, Joshua J | Joshua J Harrison v Fairpoint Logistics Inc |
| 116 | 2015 C 04384 | Higgins, Vanessa L | Vanessa L Higgins v Fairpoint Logistics Inc |
| 117 | 2015 C 04387 | Hill, Stephanie | Stephanie Hill v Fairpoint Logistics Inc |
| 118 | 2015 C 04388 | Hill, Victoria L | Victoria L Hill v Fairpoint Logistics Inc |
| 119 | 2015 C 04385 | Hilton, Amanda C | Amanda C Hilton v Fairpoint Logistics Inc |
| 120 | 2015 C 04390 | Hoard, Cynthia J | Cynthia J Hoard v Fairpoint Logistics Inc |
| 121 | 2015 C 04391 | Hogan, Theresa | Theresa Hogan v Fairpoint Logistics Inc |
| 122 | 2015 C 04389 | Howell, Heidi J | Heidi J Howell v Fairpoint Logistics Inc |
| 123 | 2015 C 04392 | Jansmann, Irene | Irene Jansmann v Fairpoint Logistics Inc |
| 124 | 2015 C 04393 | Jensen, Krista | Krista Jensen v Fairpoint Logistics Inc |
| 125 | 2015 C 04394 | Johnson, Joshua S | Joshua S Johnson v Fairpoint Logistics Inc |
| 126 | 2015 C 04395 | Johnston, Nicole R | Nicole R Johnston v Fairpoint Logistics Inc |
| 127 | 2015 C 04396 | Jones, Amanda | Amanda Jones v Fairpoint Logistics Inc |
| 128 | 2015 C 04398 | Jones, Cherie Lee | Cherie Lee Jones v Fairpoint Logistics Inc |
| 129 | 2015 C 04400 | Kearns-rogers, Sandra | Sandra Kearns-rogers v Fairpoint Logistics Inc |
| 130 | 2015 C 04171 | Lacroix, Shelly | Shelly Lacroix v Fairpoint Logistics Inc |
| 131 | 2015 C 04172 | Langlois, Claire M | Claire M Langlois v Fairpoint Logistics Inc |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 132 | 2015 C 04173 | Lawrence, Julie M | Julie M Lawrence v Fairpoint Logistics Inc |
| 133 | 2015 C 04174 | Lebel, Patricia J | Patricia J Lebel v Fairpoint Logistics Inc |
| 134 | 2015 C 04175 | Leicht, Peter L | Peter L Leicht v Fairpoint Logistics Inc |
| 135 | 2015 C 04176 | Lemieux, Scott A | Scott A Lemieux v Fairpoint Logistics Inc |
| 136 | 2015 C 04177 | Leonard, Jennifer A | Jennifer A Leonard v Fairpoint Logistics Inc |
| 137 | 2015 C 04178 | Libby, Lori A | Lori A Libby v Fairpoint Logistics Inc |
| 138 | 2015 C 04179 | Long, Michelle R | Michelle R Long v Fairpoint Logistics Inc |
| 139 | 2015 C 04180 | Lyman, Amber L | Amber L Lyman v Fairpoint Logistics Inc |
| 140 | 2015 C 04181 | Lynds, Laurieanne | Laurieanne Lynds v Fairpoint Logistics Inc |
| 141 | 2015 C 04182 | Maguire, Lisa M | Lisa M Maguire v Fairpoint Logistics Inc |
| 142 | 2015 C 04183 | Mank, Meghan P | Meghan P Mank v Fairpoint Logistics Inc |
| 143 | 2015 C 04184 | Marquis, Brandy D | Brandy D Marquis v Fairpoint Logistics Inc |
| 144 | 2015 C 04185 | Martinson, Wade A | Wade A Martinson v Fairpoint Logistics Inc |
| 145 | 2015 C 04187 | Mcaloon, Theresa | Theresa Mcaloon v Fairpoint Logistics Inc |
| 146 | 2015 C 04200 | Mcclelland, Barney F | Barney F Mcclelland v Fairpoint Logistics Inc |
| 147 | 2015 C 04188 | Mcgowan, Jennifer E | Jennifer E Mcgowan v Fairpoint Logistics Inc |
| 148 | 2015 C 04189 | Mcguire, Valerie L | Valerie L Mcguire v Fairpoint Logistics Inc |
| 149 | 2015 C 04190 | Mckay, Michael E | Michael E Mckay v Fairpoint Logistics Inc |
| 150 | 2015 C 04192 | Mckeever, Teresa E | Teresa E Mckeever v Fairpoint Logistics Inc |
| 151 | 2015 C 04201 | Mcray, Francine M | Francine M Mcray v Fairpoint Logistics Inc |
| 152 | 2015 C 04202 | Michaud, Denise M | Denise M Michaud v Fairpoint Logistics Inc |
| 153 | 2015 C 04203 | Miller, Heather R | Heather R Miller v Fairpoint Logistics Inc |
| 154 | 2015 C 04204 | Mills, Schuyler | Schuyler Mills v Fairpoint Logistics Inc |
| 155 | 2015 C 04205 | Morehead, Franklin B | Franklin B Morehead v Fairpoint Logistics Inc |
| 156 | 2015 C 04206 | Morgan, Heather J | Heather J Morgan v Fairpoint Logistics Inc |
| 157 | 2015 C 04210 | Morin, Lisa L | Lisa L Morin v Fairpoint Logistics Inc |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 158 | 2015 C 04211 | Mosley, Michael W | Michael W Mosley v Fairpoint Logistics Inc |
| 159 | 2015 C 04212 | Mullen, Heather | Heather Mullen v Fairpoint Logistics Inc |
| 160 | 2015 C 04213 | Munsen, Jonathan B | Jonathan B Munsen v Fairpoint Logistics Inc |
| 161 | 2015 C 04214 | Murphy, Ann N | Ann N Murphy v Fairpoint Logistics Inc |
| 162 | 2015 C 04215 | Murphy, Ellen L | Ellen L Murphy v Fairpoint Logistics Inc |
| 163 | 2015 C 04216 | Murray, Glenn D | Glenn D Murray v Fairpoint Logistics Inc |
| 164 | 2015 C 04217 | Murray-palmer, Mistyn D | Mistyn D Murray-palmer v Fairpoint Logistics Inc |
| 165 | 2015 C 04218 | Mutty-bessey, Robert M | Robert M Mutty-bessey v Fairpoint Logistics Inc |
| 166 | 2015 C 04219 | Myrbeck, Laurie S | Laurie S Myrbeck v Fairpoint Logistics Inc |
| 167 | 2015 C 04249 | Nadeau, Angel A | Angel A Nadeau v Fairpoint Logistics Inc |
| 168 | 2015 C 04251 | Newcomb, Alec S | Alec S Newcomb v Fairpoint Logistics Inc |
| 169 | 2015 C 04254 | Newey, Patricia J | Patricia J Newey v Fairpoint Logistics Inc |
| 170 | 2015 C 04256 | Nice, Suzannah | Suzannah Nice v Fairpoint Logistics Inc |
| 171 | 2015 C 04258 | Nordli, Susan A | Susan A Nordli v Fairpoint Logistics Inc |
| 172 | 2015 C 04260 | Norton, Suzan L | Suzan L Norton v Fairpoint Logistics Inc |
| 173 | 2015 C 04261 | Nunn, Erin | Erin Nunn v Fairpoint Logistics Inc |
| 174 | 2015 C 04263 | Oconnor, Heather L | Heather L Oconnor v Fairpoint Logistics Inc |
| 175 | 2015 C 04266 | Oneil, Tania | Tania Oneil v Fairpoint Logistics Inc |
| 176 | 2015 C 04271 | Osmolski, Tricia M | Tricia M Osmolski v Fairpoint Logistics Inc |
| 177 | 2015 C 04273 | Pascucci, Erica | Erica Pascucci v Fairpoint Logistics Inc |
| 178 | 2015 C 04275 | Pavlisko, Paulette | Paulette Pavlisko v Fairpoint Logistics Inc |
| 179 | 2015 C 04278 | Perkins, Mary L | Mary L Perkins v Fairpoint Logistics Inc |
| 180 | 2015 C 04282 | Peterson, Robert A | Robert A Peterson v Fairpoint Logistics Inc |
| 181 | 2015 C 04284 | Philpot, Ann M | Ann M Philpot v Fairpoint Logistics Inc |
| 182 | 2015 C 04285 | Pierce, Elizabeth H | Elizabeth H Pierce v Fairpoint Logistics Inc |
| 183 | 2015 C 04302 | Piersol, Brenda M | Brenda M Piersol v Fairpoint Logistics Inc |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 184 | 2015 C 04304 | Pietrowicz, James | James Pietrowicz v Fairpoint Logistics Inc |
| 185 | 2015 C 04305 | Provencher, Diane D | Diane D Provencher v Fairpoint Logistics Inc |
| 186 | 2015 C 04355 | Raymond, Sandra L | Sandra L Raymond v Fairpoint Logistics Inc |
| 187 | 2015 C 04356 | Rice, Robin M | Robin M Rice v Fairpoint Logistics Inc |
| 188 | 2015 C 04359 | Ricker, Roxanne M | Roxanne M Ricker v Fairpoint Logistics Inc |
| 189 | 2015 C 04366 | Roberts, Travis W | Travis W Roberts v Fairpoint Logistics Inc |
| 190 | 2015 C 04368 | Rosendo, Kim S | Kim S Rosendo v Fairpoint Logistics Inc |
| 191 | 2015 C 04370 | Ross, Anthony M | Anthony M Ross v Fairpoint Logistics Inc |
| 192 | 2015 C 04372 | Ruel, Robin | Robin Ruel v Fairpoint Logistics Inc |
| 193 | 2015 C 04374 | Ruksznis, Danielle | Danielle Ruksznis v Fairpoint Logistics Inc |
| 194 | 2015 C 04378 | Sabine, Alison R | Alison R Sabine v Fairpoint Logistics Inc |
| 195 | 2015 C 04380 | Saldana, David | David Saldana v Fairpoint Logistics Inc |
| 196 | 2015 C 04399 | Saunders, Patricia A | Patricia A Saunders v Fairpoint Logistics Inc |
| 197 | 2015 C 04401 | Savage-wilson, Jodi | Jodi Savage-wilson v Fairpoint Logistics Inc |
| 198 | 2015 C 04402 | Sawtelle, Julie A | Julie A Sawtelle v Fairpoint Logistics Inc |
| 199 | 2015 C 04403 | Scala, Julie | Julie Scala v Fairpoint Logistics Inc |
| 200 | 2015 C 04404 | Scherer, Susan A | Susan A Scherer v Fairpoint Logistics Inc |
| 201 | 2015 C 04405 | Segal, Joleen | Joleen Segal v Fairpoint Logistics Inc |
| 202 | 2015 C 04406 | Segal, Maria J | Maria J Segal v Fairpoint Logistics Inc |
| 203 | 2015 C 04407 | Shackley, Christine M | Christine M Shackley v Fairpoint Logistics Inc |
| 204 | 2015 C 04408 | Shackley, Richard A | Richard A Shackley v Fairpoint Logistics Inc |
| 205 | 2015 C 04409 | Shain, Christopher T | Christopher T Shain v Fairpoint Logistics Inc |
| 206 | 2015 C 04410 | Shea, Christopher E | Christopher E Shea v Fairpoint Logistics Inc |
| 207 | 2015 C 04411 | Sheehan, Kandy-sue | Kandy-sue Sheehan v Fairpoint Logistics Inc |
| 208 | 2015 C 04412 | Smith, Amie C | Amie C Smith v Fairpoint Logistics Inc |
| 209 | 2015 C 04413 | Smith, Dawna M | Dawna M Smith v Fairpoint Logistics Inc |

|  | A | B | C |
|---|---|---|---|
|  | Matter ID | Client Sort | Matter Description (First Line) |
| 210 | 2015 C 04414 | Smith, Shay F | Shay F Smith v Fairpoint Logistics Inc |
| 211 | 2015 C 04416 | Spalding, Megan M | Megan M Spalding v Fairpoint Logistics Inc |
| 212 | 2015 C 04419 | Sparks, Rita A | Rita A Sparks v Fairpoint Logistics Inc |
| 213 | 2015 C 04421 | Stacy, Deborah A | Deborah A Stacy v Fairpoint Logistics Inc |
| 214 | 2015 C 04423 | Stevens, Donna | Donna Stevens v Fairpoint Logistics Inc |
| 215 | 2015 C 04424 | Stewart, Ronald W | Ronald W Stewart v Fairpoint Logistics Inc |
| 216 | 2015 C 04425 | Sweret, Pamela | Pamela Sweret v Fairpoint Logistics Inc |
| 217 | 2015 C 04427 | Talbot, Kimberly A | Kimberly A Talbot v Fairpoint Logistics Inc |
| 218 | 2015 C 04493 | Tanguay, Janis E | Janis E Tanguay v Fairpoint Logistics Inc |
| 219 | 2015 C 04429 | Tanous, Mary K | Mary K Tanous v Fairpoint Logistics Inc |
| 220 | 2015 C 04430 | Tardif, Maureen A | Maureen A Tardif v Fairpoint Logistics Inc |
| 221 | 2015 C 04431 | Tardiff, Karen A | Karen A Tardiff v Fairpoint Logistics Inc |
| 222 | 2015 C 04432 | Taylor, Jennifer E | Jennifer E Taylor v Fairpoint Logistics Inc |
| 223 | 2015 C 04433 | Telles, Amanda | Amanda Telles v Fairpoint Logistics Inc |
| 224 | 2015 C 04434 | Teras, Nancy A | Nancy A Teras v Fairpoint Logistics Inc |
| 225 | 2015 C 04435 | Thibodeau, Erin F | Erin F Thibodeau v Fairpoint Logistics Inc |
| 226 | 2015 C 04436 | Thibodeau, Kristen M | Kristen M Thibodeau v Fairpoint Logistics Inc |
| 227 | 2015 C 04437 | Tinto, Wendy E | Wendy E Tinto v Fairpoint Logistics Inc |
| 228 | 2015 C 04438 | Tribou, Michael | Michael Tribou v Fairpoint Logistics Inc |
| 229 | 2015 C 04439 | Trudeau, Deborah M | Deborah M Trudeau v Fairpoint Logistics Inc |
| 230 | 2015 C 04440 | True, Melissa | Melissa True v Fairpoint Logistics Inc |
| 231 | 2015 C 04441 | Tucci, Susan | Susan Tucci v Fairpoint Logistics Inc |
| 232 | 2015 C 04442 | Turcotte, Angela L | Angela L Turcotte v Fairpoint Logistics Inc |
| 233 | 2015 C 04443 | Twombly, Judith L | Judith L Twombly v Fairpoint Logistics Inc |
| 234 | 2015 C 04510 | Vachon, Nancy L | Nancy L Vachon v Fairpoint Logistics Inc |
| 235 | 2015 C 04446 | Vanduzer, Susan L | Susan L Vanduzer v Fairpoint Logistics Inc |

|  | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 236 | 2015 C 04447 | Waddell, Sherry L | Sherry L Waddell v Fairpoint Logistics Inc |
| 237 | 2015 C 04448 | Wainer, Charlotte L | Charlotte L Wainer v Fairpoint Logistics Inc |
| 238 | 2015 C 04449 | Wardwell, Evelyn G | Evelyn G Wardwell v Fairpoint Logistics Inc |
| 239 | 2015 C 04450 | Ware, Barbara A | Barbara A Ware v Fairpoint Logistics Inc |
| 240 | 2015 C 04451 | Watson, Linda G | Linda G Watson v Fairpoint Logistics Inc |
| 241 | 2015 C 04452 | Watson, Tracy L | Tracy L Watson v Fairpoint Logistics Inc |
| 242 | 2015 C 04453 | Webster, Deborah J | Deborah J Webster v Fairpoint Logistics Inc |
| 243 | 2015 C 04454 | Wescott, Kristen M | Kristen M Wescott v Fairpoint Logistics Inc |
| 244 | 2015 C 04455 | Wilcox, Cheryl A | Cheryl A Wilcox v Fairpoint Logistics Inc |
| 245 | 2015 C 04456 | Willard, Joyce | Joyce Willard v Fairpoint Logistics Inc |
| 246 | 2015 C 04457 | Willey, Renee M | Renee M Willey v Fairpoint Logistics Inc |
| 247 | 2015 C 06192 | Winn, Carol L | Carol L. Winn v Fairpoint Logistics Inc |
| 248 | 2015 C 04458 | Wood, Nathaniel C | Nathaniel C Wood v Fairpoint Logistics Inc |
| 249 | 2015 C 04459 | Woodman, Todd H | Todd H Woodman v Fairpoint Logistics Inc |
| 250 | 2015 C 04460 | Worcester, Brenda J | Brenda J Worcester v Fairpoint Logistics Inc |
| 251 | 2015 C 04461 | Wyman, Susan E | Susan E Wyman v Fairpoint Logistics Inc |
| 252 | 2015 C 04462 | Yuill, Lisa | Lisa Yuill v Fairpoint Logistics Inc |

EXHIBIT 2

|  | A | B | C |
|---|---|---|---|
| 1 | | NORTHERN NEW ENGLAND | |
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 3 | 2015 C 03847 | Adams, Cathleen F | Cathleen F Adams v Northern New England |
| 4 | 2015 C 03850 | Alley, Sheldon E | Sheldon E Alley v Northern New England |
| 5 | 2015 C 03858 | Arsenault, Robert C | Robert C Arsenault v Northern New England |
| 6 | 2015 C 03844 | Aube, Cheryl L | Cheryl L Aube v Northern New England |
| 7 | 2015 C 03845 | Aveau, Richard G | Richard G Aveau v Northern New England |
| 8 | 2015 C 03860 | Ayers, Dale C | Dale C Ayers v Northern New England |
| 9 | 2015 C 03862 | Balboni, Peter J | Peter J Balboni v Northern New England |
| 10 | 2015 C 03846 | Bashaw, David E | David E Bashaw v Northern New England |
| 11 | 2015 C 03848 | Beaulieu, Brian R | Brian R Beaulieu v Northern New England |
| 12 | 2015 C 03849 | Beecy, Michael J | Michael J Beecy v Northern New England |
| 13 | 2015 C 04233 | Belanger, Jaime L | Jaime L Belanger v Northern New England |
| 14 | 2015 C 03851 | Bendure, Raymond B | Raymond B Bendure v Northern New England |
| 15 | 2015 C 03864 | Bickford, Steven G | Steven G Bickford v Northern New England |
| 16 | 2015 C 03866 | Bilodeau, Paul L | Paul L Bilodeau v Northern New England |
| 17 | 2015 C 03852 | Blake, Jayson P | Jayson P Blake v Northern New England |
| 18 | 2015 C 03868 | Blodgett, Herbert E | Herbert E Blodgett v Northern New England |
| 19 | 2015 C 03853 | Bombardier, Kurt | Kurt Bombardier v Northern New England |
| 20 | 2015 C 03869 | Botting, Dawn E | Dawn E Botting v Northern New England |
| 21 | 2015 C 03871 | Boucher, Dale T | Dale T Boucher v Northern New England |
| 22 | 2015 C 03854 | Boudreau, Scott D | Scott D Boudreau v Northern New England |
| 23 | 2015 C 03855 | Boutilier, Lindsay G | Lindsay G Boutilier v Northern New England |
| 24 | 2015 C 03873 | Bowen, Mark W | Mark W Bowen v Northern New England |
| 25 | 2015 C 03874 | Boyd, Melissa A | Melissa A Boyd v Northern New England |
| 26 | 2015 C 03877 | Bryer, Kevin W | Kevin W Bryer v Northern New England |
| 27 | 2015 C 03856 | Buhelt, Dennis A | Dennis A Buhelt v Northern New England |
| 28 | 2015 C 03857 | Byrne, Thomas J | Thomas J Byrne v Northern New England |
| 29 | 2015 C 03859 | Calden, Cathy A | Cathy A Calden v Northern New England |
| 30 | 2015 C 03861 | Campbell, Richard G | Richard G Campbell v Northern New England |

| | A | B | C |
|---|---|---|---|
| | Matter ID | Client Sort | Matter Description (First Line) |
| | 2015 C 03879 | Cannell, Karen J | Karen J Cannell v Northern New England |
| | 2015 C 03881 | Caron, Carol | Carol Caron v Northern New England |
| | 2015 C 03863 | Carter, Dominic J | Dominic J Carter v Northern New England |
| | 2015 C 03882 | Caserio, Richard D | Richard D Caserio v Northern New England |
| | 2015 C 03884 | Cash, Dennis M | Dennis M Cash v Northern New England |
| | 2015 C 03886 | Casserly, Brian T | Brian T Casserly v Northern New England |
| | 2015 C 03865 | Celani, Dean | Dean Celani v Northern New England |
| | 2015 C 03888 | Clement, Ronald A | Ronald A Clement v Northern New England |
| | 2015 C 03867 | Clockedile, Scott | Scott Clockedile v Northern New England |
| | 2015 C 03870 | Colligan, Christopher | Christopher Colligan v Northern New England |
| | 2015 C 03872 | Collomy, Steven | Steven Collomy v Northern New England |
| | 2015 C 03890 | Cook, Robert J | Robert J Cook v Northern New England |
| | 2015 C 03875 | Coomey, James J | James J Coomey v Northern New England |
| | 2015 C 03894 | Copeland, Thomas A | Thomas A Copeland v Northern New England |
| | 2015 C 03876 | Crimp, Kevin P | Kevin P Crimp v Northern New England |
| | 2015 C 03901 | Cummings, Leonard W | Leonard W Cummings v Northern New England |
| | 2015 C 03878 | Currier, Charles H | Charles H Currier v Northern New England |
| | 2015 C 03904 | Dakin, Michael W | Michael W Dakin v Northern New England |
| | 2015 C 03907 | Damron, Robin C | Robin C Damron v Northern New England |
| | 2015 C 03911 | Darge, William E | William E Darge v Northern New England |
| | 2015 C 03913 | Dawkins, Julie L | Julie L Dawkins v Northern New England |
| | 2015 C 03916 | Demerchant, Adam L | Adam L Demerchant v Northern New England |
| | 2015 C 03923 | Dempsey, Wesley C | Wesley C Dempsey v Northern New England |
| | 2015 C 03927 | Densmore, William L | William L Densmore v Northern New England |
| | 2015 C 03930 | Denyer, Susan M | Susan M Denyer v Northern New England |
| | 2015 C 03936 | Devine, Rory J | Rory J Devine v Northern New England |
| | 2015 C 03938 | Dimodica, Philip V | Philip V Dimodica v Northern New England |
| | 2015 C 03940 | Dipierro, Charles E | Charles E Dipierro v Northern New England |
| | 2015 C 03942 | Dixon, David E | David E Dixon v Northern New England |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 60 | 2015 C 03944 | Donahue, Eleanor E | Eleanor E Donahue v Northern New England |
| 61 | 2015 C 03946 | Dorn, Jeffrey A | Jeffrey A Dorn v Northern New England |
| 62 | 2015 C 03880 | Dow, Lewis H | Lewis H Dow v Northern New England |
| 63 | 2015 C 03948 | Drake, Brent A | Brent A Drake v Northern New England |
| 64 | 2015 C 03950 | Duchesne, James A | James A Duchesne v Northern New England |
| 65 | 2015 C 03883 | Dunphy, Christopher | Christopher Dunphy v Northern New England |
| 66 | 2015 C 03953 | Earley, Patrick | Patrick Earley v Northern New England |
| 67 | 2015 C 03955 | Eckstein, Shannan M | Shannan M Eckstein v Northern New England |
| 68 | 2015 C 03956 | Edwards, Adam K | Adam K Edwards v Northern New England |
| 69 | 2015 C 03885 | Ehnstrom, Nils T | Nils T Ehnstrom v Northern New England |
| 70 | 2015 C 03887 | Elrick, Stephen A | Stephen A Elrick v Northern New England |
| 71 | 2015 C 03959 | Emery, Robin A | Robin A Emery v Northern New England |
| 72 | 2015 C 03891 | Espling, Craig M | Craig M Espling v Northern New England |
| 73 | 2015 C 03961 | Fagan, Michael J | Michael J Fagan v Northern New England |
| 74 | 2015 C 03893 | Fairbanks, Kelley | Kelley Fairbanks v Northern New England |
| 75 | 2015 C 03896 | Farrell, Donald J | Donald J Farrell v Northern New England |
| 76 | 2015 C 03899 | Feeney, Catherine A | Catherine A Feeney v Northern New England |
| 77 | 2015 C 03963 | Feeney, James H | James H Feeney v Northern New England |
| 78 | 2015 C 03965 | Forni, Paul M | Paul M Forni v Northern New England |
| 79 | 2015 C 03905 | Forslind, David B | David B Forslind v Northern New England |
| 80 | 2015 C 03925 | Fowles, Paul A | Paul A Fowles v Northern New England |
| 81 | 2015 C 03968 | Frank, Reid A | Reid A Frank v Northern New England |
| 82 | 2015 C 04195 | Galipeau, Carol A | Carol A Galipeau v Northern New England |
| 83 | 2015 C 03931 | Gallant, Mary L | Mary L Gallant v Northern New England |
| 84 | 2015 C 03935 | Gibson, Brent | Brent Gibson v Northern New England |
| 85 | 2015 C 03969 | Godin, Danielle S | Danielle S Godin v Northern New England |
| 86 | 2015 C 03937 | Godin, Jami L | Jami L Godin v Northern New England |
| 87 | 2015 C 03972 | Goodall, Thomas D | Thomas D Goodall v Northern New England |
| 88 | 2015 C 03939 | Grant, Rebecca J | Rebecca J Grant v Northern New England |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 89 | 2015 C 03941 | Hall, Victoria L | Victoria L Hall v Northern New England |
| 90 | 2015 C 03943 | Hamblin, Mark E | Mark E Hamblin v Northern New England |
| 91 | 2015 C 03947 | Hanson, Kyle W | Kyle W Hanson v Northern New England |
| 92 | 2015 C 04198 | Hardwick, Steven D | Steven D Hardwick v Northern New England |
| 93 | 2015 C 03949 | Harmon, Jason L | Jason L Harmon v Northern New England |
| 94 | 2015 C 03951 | Hartford, Daniel A | Daniel A Hartford v Northern New England |
| 95 | 2015 C 03974 | Haskell, James O | James O Haskell v Northern New England |
| 96 | 2015 C 03976 | Hauger, David S | David S Hauger v Northern New England |
| 97 | 2015 C 03952 | Hayes, Matthew J | Matthew J Hayes v Northern New England |
| 98 | 2015 C 03978 | Helm, Jonathan R | Jonathan R Helm v Northern New England |
| 99 | 2015 C 03954 | Hinkley, Tina J | Tina J Hinkley v Northern New England |
| 100 | 2015 C 03957 | Hixon, Steven C | Steven C Hixon v Northern New England |
| 101 | 2015 C 03960 | Hodgdon, Christopher | Christopher Hodgdon v Northern New England |
| 102 | 2015 C 03962 | Holyoke, Jason B | Jason B Holyoke v Northern New England |
| 103 | 2015 C 03980 | Hopper, Mark K | Mark K Hopper v Northern New England |
| 104 | 2015 C 03981 | Horne, Joel | Joel Horne v Northern New England |
| 105 | 2015 C 03964 | Hoskins, Kelly R | Kelly R Hoskins v Northern New England |
| 106 | 2015 C 03966 | Hubner, Karen A | Karen A Hubner v Northern New England |
| 107 | 2015 C 03967 | Hughes, Shannon E | Shannon E Hughes v Northern New England |
| 108 | 2015 C 03982 | Hurd, Scott A | Scott A Hurd v Northern New England |
| 109 | 2015 C 03984 | Hutchins, Heidi A | Heidi A Hutchins v Northern New England |
| 110 | 2015 C 03970 | Hutchins, Samuel A | Samuel A Hutchins v Northern New England |
| 111 | 2015 C 03986 | Israel, Matthew | Matthew Israel v Northern New England |
| 112 | 2015 C 03988 | Jansmann, Andrew D | Andrew D Jansmann v Northern New England |
| 113 | 2015 C 03989 | Johnson, Eric M | Eric M Johnson v Northern New England |
| 114 | 2015 C 03971 | Johnson, Joel | Joel Johnson v Northern New England |
| 115 | 2015 C 03990 | Johnson, Thomas A | Thomas A Johnson v Northern New England |
| 116 | 2015 C 03973 | Jolin, Jon R | Jon R Jolin v Northern New England |
| 117 | 2015 C 03991 | Jones, Bennie R | Bennie R Jones v Northern New England |

|   | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 118 | 2015 C 03992 | Jones, Stephen B | Stephen B Jones v Northern New England |
| 119 | 2015 C 03993 | Jordan, Calvin A | Calvin A Jordan v Northern New England |
| 120 | 2015 C 03994 | Jordan, Jeffrey H | Jeffrey H Jordan v Northern New England |
| 121 | 2015 C 04197 | Jordon, Joshua J | Joshua J Jordon v Northern New England |
| 122 | 2015 C 03975 | Kalloch, Matthew W | Matthew W Kalloch v Northern New England |
| 123 | 2015 C 03977 | Kane, Daniel S | Daniel S Kane v Northern New England |
| 124 | 2015 C 04014 | Kaspala, Richard H | Richard H Kaspala v Northern New England |
| 125 | 2015 C 04015 | Kidney, Allen R | Allen R Kidney v Northern New England |
| 126 | 2015 C 04016 | Knutson, George A | George A Knutson v Northern New England |
| 127 | 2015 C 04017 | Lailer, Frank I | Frank I Lailer v Northern New England |
| 128 | 2015 C 04018 | Lamoureux, Shawn M | Shawn M Lamoureux v Northern New England |
| 129 | 2015 C 04020 | Laplante, John P | John P Laplante v Northern New England |
| 130 | 2015 C 04021 | Lapointe, Edward J | Edward J Lapointe v Northern New England |
| 131 | 2015 C 03979 | Larochelle, Ryan N | Ryan N Larochelle v Northern New England |
| 132 | 2015 C 03983 | Lawler, Matthew S | Matthew S Lawler v Northern New England |
| 133 | 2015 C 03985 | Lawler, Michael K | Michael K Lawler v Northern New England |
| 134 | 2015 C 03987 | Lawrence, Curtis C | Curtis C Lawrence v Northern New England |
| 135 | 2015 C 04077 | Leary, Stephen P | Stephen P Leary v Northern New England |
| 136 | 2015 C 04078 | Lefebvre, Todd M | Todd M Lefebvre v Northern New England |
| 137 | 2015 C 04022 | Lesniak, Patricia N | Patricia N Lesniak v Northern New England |
| 138 | 2015 C 04079 | Lessard, Neal J | Neal J Lessard v Northern New England |
| 139 | 2015 C 04080 | Levasseur, Peter A | Peter A Levasseur v Northern New England |
| 140 | 2015 C 04023 | Levesque, Scott V | Scott V Levesque v Northern New England |
| 141 | 2015 C 04081 | Lindsay, Craig | Craig Lindsay v Northern New England |
| 142 | 2015 C 04082 | Long, Kevin M | Kevin M Long v Northern New England |
| 143 | 2015 C 04083 | Long, Ralph C | Ralph C Long v Northern New England |
| 144 | 2015 C 04025 | Long, Roger H | Roger H Long v Northern New England |
| 145 | 2015 C 04084 | Luiz, Tyler | Tyler Luiz v Northern New England |
| 146 | 2015 C 04026 | Lunney, Kelly | Kelly Lunney v Northern New England |

|  | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 147 | 2015 C 04029 | Macfarlane, Jay D | Jay D Macfarlane v Northern New England |
| 148 | 2015 C 04085 | Madden, Jesse J | Jesse J Madden v Northern New England |
| 149 | 2015 C 04086 | Marden, Craig A | Craig A Marden v Northern New England |
| 150 | 2015 C 04030 | Martin, Melissa L | Melissa L Martin v Northern New England |
| 151 | 2015 C 04031 | Martin, Stephan-minh N | Stephan-minh N Martin v Northern New England |
| 152 | 2015 C 04032 | Martitz, Norman E | Norman E Martitz v Northern New England |
| 153 | 2015 C 04033 | Martitz, Sharon S | Sharon S Martitz v Northern New England |
| 154 | 2015 C 04034 | Mccarthy, Holly M | Holly M Mccarthy v Northern New England |
| 155 | 2015 C 04035 | Mccarthy, John K | John K Mccarthy v Northern New England |
| 156 | 2015 C 04036 | Mccarthy, Stephen E | Stephen E Mccarthy v Northern New England |
| 157 | 2015 C 04087 | Mcgill, James M | James M Mcgill v Northern New England |
| 158 | 2015 C 04088 | Mclaughlin, Daniel S | Daniel S Mclaughlin v Northern New England |
| 159 | 2015 C 04037 | Mclean, Timothy M | Timothy M Mclean v Northern New England |
| 160 | 2015 C 04038 | Mcquillan, Tyler J | Tyler J Mcquillan v Northern New England |
| 161 | 2015 C 04039 | Merrifield, Russell A | Russell A Merrifield v Northern New England |
| 162 | 2015 C 04090 | Michaud, Scott A | Scott A Michaud v Northern New England |
| 163 | 2015 C 04040 | Mitchell, Joshua P | Joshua P Mitchell v Northern New England |
| 164 | 2015 C 04091 | Moffatt, Jason | Jason Moffatt v Northern New England |
| 165 | 2015 C 04207 | Morin, Brian P | Brian P Morin v Northern New England |
| 166 | 2015 C 04041 | Morin, Stephen L | Stephen L Morin v Northern New England |
| 167 | 2015 C 04092 | Mulligan, Kevin P | Kevin P Mulligan v Northern New England |
| 168 | 2015 C 04093 | Newell, Edward F | Edward F Newell v Northern New England |
| 169 | 2015 C 04043 | Nostrom, Gary D | Gary D Nostrom v Northern New England |
| 170 | 2015 C 04094 | Obrien, Dennis L | Dennis L Obrien v Northern New England |
| 171 | 2015 C 04044 | O'brion, David C | David C O'brion v Northern New England |
| 172 | 2015 C 04095 | Ordway, Leon E | Leon E Ordway v Northern New England |
| 173 | 2015 C 04045 | Ouellette, Mark O | Mark O Ouellette v Northern New England |
| 174 | 2015 C 04096 | Pallozzi, Michael J | Michael J Pallozzi v Northern New England |
| 175 | 2015 C 04046 | Pellerin, Robert J | Robert J Pellerin v Northern New England |

| | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 176 | 2015 C 04048 | Perry, Paul E | Paul E Perry v Northern New England |
| 177 | 2015 C 04097 | Petell, Raymond A | Raymond A Petell v Northern New England |
| 178 | 2015 C 04049 | Pettengill, Lee H | Lee H Pettengill v Northern New England |
| 179 | 2015 C 04050 | Phillips, Anthony E | Anthony E Phillips v Northern New England |
| 180 | 2015 C 04098 | Plourde, Mark A | Mark A Plourde v Northern New England |
| 181 | 2015 C 04099 | Pooler, Richard D | Richard D Pooler v Northern New England |
| 182 | 2015 C 04100 | Poto, Michael | Michael Poto v Northern New England |
| 183 | 2015 C 04101 | Pratt, Daniel F | Daniel F Pratt v Northern New England |
| 184 | 2015 C 04102 | Ramsay, Thomas E | Thomas E Ramsay v Northern New England |
| 185 | 2015 C 04103 | Randall, Roberta J | Roberta J Randall v Northern New England |
| 186 | 2015 C 04104 | Randolph, Christopher C | Christopher C Randolph v Northern New England |
| 187 | 2015 C 04105 | Raynes, David L | David L Raynes v Northern New England |
| 188 | 2015 C 04051 | Raynes, Todd E | Todd E Raynes v Northern New England |
| 189 | 2015 C 04052 | Reynolds, Carol L | Carol L Reynolds v Northern New England |
| 190 | 2015 C 04053 | Rizza, Maria G | Maria G Rizza v Northern New England |
| 191 | 2015 C 04054 | Rogan, Michael J | Michael J Rogan v Northern New England |
| 192 | 2015 C 04107 | Rossignol, Norman R | Norman R Rossignol v Northern New England |
| 193 | 2015 C 04108 | Roy, Lori A | Lori A Roy v Northern New England |
| 194 | 2015 C 04109 | Roy, Marcel Y | Marcel Y Roy v Northern New England |
| 195 | 2015 C 04110 | Rugh, George J | George J Rugh v Northern New England |
| 196 | 2015 C 04194 | Sage, David | David Sage v Northern New England |
| 197 | 2015 C 04111 | Samiya, Howard | Howard Samiya v Northern New England |
| 198 | 2015 C 04112 | Sanborn, Amy L | Amy L Sanborn v Northern New England |
| 199 | 2015 C 04055 | Sands, James M | James M Sands v Northern New England |
| 200 | 2015 C 04058 | Scala, John L | John L Scala v Northern New England |
| 201 | 2015 C 04113 | Scala, Tracey L | Tracey L Scala v Northern New England |
| 202 | 2015 C 04059 | Shane, Patrick A | Patrick A Shane v Northern New England |
| 203 | 2015 C 04060 | Sherman, Cody A | Cody A Sherman v Northern New England |
| 204 | 2015 C 04114 | Sherman, Philip J | Philip J Sherman v Northern New England |

|   | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 205 | 2015 C 04061 | Small, Mark | Mark Small v Northern New England |
| 206 | 2015 C 04115 | Smith, Adam L | Adam L Smith v Northern New England |
| 207 | 2015 C 04116 | Smith, Dirk A | Dirk A Smith v Northern New England |
| 208 | 2015 C 04117 | Smith, Mark A | Mark A Smith v Northern New England |
| 209 | 2015 C 04119 | Spaulding, Brent E | Brent E Spaulding v Northern New England |
| 210 | 2015 C 04120 | Stein-berthiaume, Angela M | Angela M Stein-berthiaume v Northern New England |
| 211 | 2015 C 04062 | Stewart, Scott H | Scott H Stewart v Northern New England |
| 212 | 2015 C 04121 | Sullivan, Brian E | Brian E Sullivan v Northern New England |
| 213 | 2015 C 04063 | Sullivan, Jamie | Jamie Sullivan v Northern New England |
| 214 | 2015 C 04122 | Tabun, Peter A | Peter A Tabun v Northern New England |
| 215 | 2015 C 04123 | Talbot, Timothy A | Timothy A Talbot v Northern New England |
| 216 | 2015 C 04124 | Tandy, Lorne E | Lorne E Tandy v Northern New England |
| 217 | 2015 C 04064 | Teehan, Mary A | Mary A Teehan v Northern New England |
| 218 | 2015 C 04125 | Therault, David R | David R Therault v Northern New England |
| 219 | 2015 C 04065 | Theriault, Jessica L | Jessica L Theriault v Northern New England |
| 220 | 2015 C 04126 | Thornton, Lynette B | Lynette B Thornton v Northern New England |
| 221 | 2015 C 04066 | Todd, James B | James B Todd v Northern New England |
| 222 | 2015 C 04127 | Townsend, Susan B | Susan B Townsend v Northern New England |
| 223 | 2015 C 04128 | Treadwell, Steven S | Steven S Treadwell v Northern New England |
| 224 | 2015 C 04067 | Turgeon, Scott A | Scott A Turgeon v Northern New England |
| 225 | 2015 C 04129 | Twitchell, Benjamin B | Benjamin B Twitchell v Northern New England |
| 226 | 2015 C 04130 | Umel, Benjamin K | Benjamin K Umel v Northern New England |
| 227 | 2015 C 04068 | Umel, Christino S | Christino S Umel v Northern New England |
| 228 | 2015 C 04131 | Van Tol, Alan | Alan Van Tol v Northern New England |
| 229 | 2015 C 04069 | Veregge, Steven P | Steven P Veregge v Northern New England |
| 230 | 2015 C 04070 | Violette, Eric | Eric Violette v Northern New England |
| 231 | 2015 C 04132 | Ward, Cynthia A | Cynthia A Ward v Northern New England |
| 232 | 2015 C 04133 | Watson, Robert J | Robert J Watson v Northern New England |
| 233 | 2015 C 04134 | Way, Amanda L | Amanda L Way v Northern New England |

|  | A | B | C |
|---|---|---|---|
| 2 | Matter ID | Client Sort | Matter Description (First Line) |
| 234 | 2015 C 04135 | Webb, Santiba | Santiba Webb v Northern New England |
| 235 | 2015 C 04071 | Wentworth, Mark A | Mark A Wentworth v Northern New England |
| 236 | 2015 C 04136 | Whalen, James | James Whalen v Northern New England |
| 237 | 2015 C 04137 | Whidden, Christopher J | Christopher J Whidden v Northern New England |
| 238 | 2015 C 04138 | Whitcomb, Joshua L | Joshua L Whitcomb v Northern New England |
| 239 | 2015 C 04139 | White, Bryan | Bryan White v Northern New England |
| 240 | 2015 C 04072 | Whitney, Patrick C | Patrick C Whitney v Northern New England |
| 241 | 2015 C 04140 | Williams, Christina M | Christina M Williams v Northern New England |
| 242 | 2015 C 04073 | Williams, Steven C | Steven C Williams v Northern New England |
| 243 | 2015 C 04074 | Willwerth, William T | William T Willwerth v Northern New England |
| 244 | 2015 C 04075 | Wood, Nathaniel C | Nathaniel C Wood v Northern New England |
| 245 | 2015 C 04141 | Woodward, Carl C | Carl C Woodward v Northern New England |
| 246 | 2015 C 04142 | Worcester, Stephen D | Stephen D Worcester v Northern New England |

| No. | Matter ID | Client Sort | Matter Description |
|-----|-----------|-------------|--------------------|
| 253 | 15-C-07444 | Doherty, Andrea L. | Andrea L. Doherty v. FairPoint Logistics, Inc. |
| 254 | 15-C-07223 | Harman, Donna J. | Donna J. Harman v. FairPoint Logistics, Inc. |
| 255 | 15-C-07445 | Jeffers, Jenny L. | Jenny L. Jeffers v. FairPoint Logistics, Inc. |

| No. | Matter ID | Client Sort | Matter Description |
|---|---|---|---|
| 247 | 15-C-07442 | Austin, Kurt L. | Kurt L. Austin v. Northern New England |
| 248 | 15-C-07443 | Irish, Patrick | Patrick Irish v. Northern New England |
| 249 | 15-C-07446 | Rowe, Mark R. | Mark R. Rowe v. Northern New England |
| 250 | 15-C-07408 | Szylvian, Ann M. | Ann M. Szylvian v. Northern New England |

Claimants Represented by Communications Workers of America, Local 1400, and International Brotherhood of Electrical Workers, Local 2327

v.

State of Maine Unemployment Insurance Commission

and

Fairpoint Logistics, Inc. and Northern New England Telephone Operations LLC (d/b/a Fairpoint Communications-NNE)


**Petitioners**

Claimants

Roberta De Araujo, Esq.
Jeffrey Neil Young, Esq.
160 Capitol St., STE 3
Augusta, ME 04332


**Respondents**

State Insurance Commission

Nancy Macirowski, AAG
6 State House Station
Augusta, ME 04333

**Parties-in-Interest**

Fairpoint Logistics

Catherine Conners, Esq.
254 Commercial Street
Portland, ME 04101

*pro hac vice:*
Arthur Telegen Esq.
Seaport East
2 SeaPort Lane, STE 300
Boston, MA 02210-2028
Augusta, ME 04333